Argued and submitted September 10, affirmed November 5, 1979

RUSSO, et ux,
*Appellants,*
*v.*
FACTORY FINISHED HOMES, INC.,
*Respondent.*

(No. 22612, CA 13393)

602 P2d 320

Paul R. Unger, Redmond, argued the cause for appellants. With him on the briefs was Bryant, Erickson, Jaqua & Bischof, Redmond.

Stanley E. Clark, Redmond, argued the cause for respondent. With him on the brief was Clark & Clark, Redmond.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

In this suit for specific performance of an earnest money agreement for the sale of real property, plaintiffs appeal from a decree denying the requested relief. Plaintiffs assign as error the finding by the court that the contract was insufficient and uncertain as to essential provisions.

In July or August, 1977, plaintiffs entered into negotiations with defendant corporation for the sale of five acres of real property located near Bend. On August 11, 1977, plaintiffs and the president of the corporation signed an earnest money receipt that provided for a purchase price of $34,000, with $1,000 earnest money, the balance to be payable in "monthly payments starting October 3, 1977, at ($250) two hundred fifty dollars payable each month till completed and paid in full." The tax lot and interest rate were designated. The president of the corporation died before the plaintiffs tendered a draft contract of sale. The corporation, acting through its secretary, decided not to proceed with the transaction. Plaintiffs then brought the present lawsuit to compel specific performance of the earnest money agreement.[1]

At trial plaintiffs testified that they thought the down payment was to be $15,000. The wife of the deceased president of defendant who was the secretary of the corporation, testified that she was unaware of an agreement for a down payment for $15,000. Neither party maintained that no down payment was contemplated. The trial judge found that at the time of the signing of the earnest money receipt the parties had left open for further negotiation essential terms, *e.g.*, the down payment, the handling of interest and the right of prepayment.

---

[1] The prayer also requested that the defendant be ordered to execute the draft contract, but the issue here is limited to the enforceability of the earnest money agreement. We note, as did the trial judge, that there were substantial differences between the two documents.

Under the circumstances and facts in this case, provision for the down payment was a "material term" in the contract. *See David M. Scott Construction v. Farrell,* 285 Or 563, 572, 592 P2d 551 (1979). Failure to provide in the written instrument for the down payment resulted in a contract which was not "sufficiently definite and certain to justify specific performance." *Southworth v. Oliver,* 284 Or 361, 380, 587 P2d 994 (1978).[2]

Affirmed.

---

[2] Because the agreement did not expressly confer upon the purchaser the right to pay the entire purchase price in cash or require the seller to accept such payment (*see Scott, supra* at 574), we cannot order specific performance for sale on a cash basis to cure uncertainties in the contract, as was done in *Phillips v. Johnson,* 266 Or 544, 557, 514 P2d 1337 (1973).